UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

DENNIS GIBSON,                    )
                                  )
         Plaintiff,               )
vs.                               )   Civil Action No. 2:08-CV-127
                                  )
                                  )   JURY DEMAND
CITY OF GREENVILLE, GREENVILLE)
POLICE DEPARTMENT, BYRON          )
RUSSEL, Individually and in his official )
capacity, LIONEL DAVIDSON,        )
Individually and in his official capacity, )
and LONZO INGRAM Individually and )
in his official capacity,         )
                                  )
Defendants.                       )

## VERIFIED COMPLAINT

**COMES NOW**, the Defendant, by and through counsel, and makes this Verified Complaint in the above styled cause of action and as grounds states the following:

### STATEMENT OF THE PARTIES

1.  Plaintiff is over the age of nineteen (19) years, a resident of Alabama, and the facts and circumstances made the basis of this Complaint occurred in Butler County, Alabama.

2.  Defendant City of Greenville is a city located in Butler County Alabama, and the facts and circumstances made the basis of this Complaint occurred in Greenville, Butler County, Alabama.

3.  Defendant Greenville Police Department is a police department located in Greenville, Butler County, Alabama, and the facts and circumstances made the basis of this Complaint occurred in Greenville, Butler County, Alabama within

the police jurisdiction of Defendant Greenville Police Department.

4. Defendant Byron Russell is over the age of nineteen (19) years, a resident of Alabama, a police officer for the Greenville Police Department at the time the facts and circumstances made the basis of this Complaint occurred and that the facts and circumstances made the basis of this Complaint occurred in Butler County, Alabama.

5. Defendant Lionel Davidson is over the age of nineteen (19) years, a resident of Alabama, a police officer for the Greenville Police Department at the time the facts and circumstances made the basis of this Complaint occurred and that the facts and circumstances made the basis of this Complaint occurred in Butler County, Alabama.

6. Defendant Lonzo Ingram is over the age of nineteen (19) years, a resident of Alabama, a police officer for the Greenville Police Department at the time the facts and circumstances made the basis of this Complaint occurred and that the facts and circumstances made the basis of this Complaint occurred in Butler County, Alabama.

## STATEMENT OF JURISDICTION

7. This Honorable Court has jurisdiction of this matter as the acts, omissions, and or occurrences made the basis of this civil action occurred in Butler County, Alabama.

8. This Verified Complaint and the claims herein are brought pursuant to Code of Alabama, 1975 and 42 USC § 1983 et. seq.

## STATEMENT OF FACTS

9. On or about May 2006 to August 2006 Plaintiff and his wife, owner of Camelia Court Motel, located in Greenville, Alabama, made several calls to the Greenville Police Department concerning excessive noise from their neighbors at what used to be a skating rink believed to be used at that time for private band practice.

10. On or about August 21, 2006 Plaintiff was off the premises of Camelia Court Motel and his wife again called the Greenville Police Department to register a complaint about the excessive noise from the neighbors.

11. When Plaintiff returned to Camelia Court Motel he witnessed his wife trying to tell Defendants Davidson and Russell about the excessive noise that was interfering with their hotel guests and personal residence located at 1625 East Commerce Street, Greenville, Butler County, Alabama.

12. Plaintiff went inside the office area of the Motel and his wife remained outside with Defendants Davidson and Russell where Plaintiff continued to observe his wife communicating with Defendants Davidson and Russell.

13. Plaintiff observed his wife become obviously frustrated with the Defendants and Plaintiff proceeded to the area outside of the Motel where his wife was standing.

14. At that time Defendants Davidson and Russell had returned to their patrol car and were sitting in their patrol car in front of the Motel and near where Plaintiff and his wife were talking.

15. Defendant made statements to his wife regarding his opinion of her pointlessness in pursuing police assistance for the excessive noise considering the numerous futile attempts by Plaintiff's wife to get assistance from the City of Greenville

about the noise disturbance.

16. Plaintiff's comments to his wife about the historical lack of assistance from the City of Greenville obviously disturbed Defendants Davidson and Russell to such extent that Defendants Davidson and Russell felt compelled to attack Plaintiff and that such attack was unfounded and exhibited the lack of proper training of Defendants Davidson and Russell as police officers.

17. Defendants Davidson and Russell while acting under color of authority exited their vehicle and physically charged towards Plaintiff grabbing and throwing Plaintiff against his front door and subsequently throwing Plaintiff to the ground.

18. Defendants Davidson and Russell, while having Plaintiff secured face down on the concrete walkway, sprayed Plaintiff with pepper spray and or some other offensive chemical which not only contacted Plaintiff but also contacted one of the Defendants causing him to become physically ill.

19. Plaintiff was injured in the attack by Defendant Russell and Defendant Davidson whereupon Plaintiff suffered an abrasion and contusion to his forehead and was falsely arrested and falsely imprisoned without any medical attention for his injuries.

20. Plaintiff was ultimately tried in the Butler County District Court for the offense of disorderly conduct and found not guilty.

21. The charges against Plaintiff were completely devoid of any merit as is evidence in a finding of not guilty.

22. Plaintiff was unlawfully arrested and falsely imprisoned in the Butler County Jail in the City of Greenville.

23. Plaintiff was caused to suffer physical and emotional injuries through the use of excessive force, false arrest, false imprisonment, assault and battery, and failure to render medical attention for an injury to Plaintiff caused by Defendants.

24. At all times material hereto Defendant Ingram and Defendant City of Greenville were in a superior position of Defendants Davidson and Russell and ultimately responsible for properly training and supervising these Defendants.

### Federal Claim: Violation of the Fourth Amendment and Fourteenth Amendment:

### COUNT I

### EXCESSIVE FORCE

25. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

26. On or about August 21, 2006, Defendant Russell and Defendant Davidson, while willfully, maliciously, fraudulently, in bad faith, beyond Defendant Russell and Defendant Davidson's authority, knowing, intentional, unlawful, gross misinterpretation of the law, unskilled, malicious acts and or omissions unlawfully assaulted, battered, falsely arrested, falsely imprisoned Plaintiff without just and or legal cause and exceeded and / or abused their authority in carrying out any alleged official duties as law enforcement officers. Any force used against the Plaintiff was unreasonable because the situation did not call for unreasonable, excessive, and or deadly force. Moreover, there was no threat of danger to the officers and any custodial excessive control of Plaintiff was without justification and or any legal authority.

27. As a direct and or proximate cause of Defendant Russell's and Defendant Davidson's willful, intentional, malicious, unlawful, unreasonable and in bad faith use of excessive force, detention and restraint against Plaintiff, Plaintiffs' rights pursuant to the laws of the State of Alabama and the Constitution of the United States, in particular the Fourth Amendment of the Constitution of the United States of America and his rights under the Constitution of the State of Alabama, were violated.

28. Defendant Russell's and Defendant Davidson's acts and or omissions exceeded any reasonable measure of discretionary function in carrying out their duties. Further, Defendant Russell and Defendant Davidson exceeded any authority by knowingly and unreasonably violating Plaintiffs' Civil Rights.

29. As a direct and proximate result of the above described acts and or omissions of Defendant Russell and Defendant Davidson Plaintiff suffered bodily harm, severe pain and extreme emotional distress, and violation of his rights under the laws and the Constitution of the United States and in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1983 to be free from excessive unauthorized use of force by law enforcement officers.

30. It is clearly established precedent in this Circuit that it is unconstitutional for law enforcement officers to violate:

> A persons liberty against a persons Fourth Amendment right to be protected against being falsely imprisoned by government officials, Graham v. Connor, 490 U.S. 386 (1989);

31. **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

**State Law Claims:**

**COUNT II**

**FALSE IMPRISONMENT**

32. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

33. On or about August 21, 2006, Defendant Russell and Defendant Davidson and Defendant City of Greenville did unlawfully detain Plaintiff and, with excessive force, caused Plaintiff to go where he did not wish to go, and against Plaintiff's Constitutional right secured by the Sixth and Fourteenth Amendments to the Constitution of the United States, prevented Plaintiff from moving, and placed Plaintiff in a position where he could not exercise his free will, or go any where he might lawfully go.

34. Plaintiff was unlawfully arrested and falsely imprisoned. Moreover, Plaintiff was not the subject of any lawful search warrant and posed no threat of danger to any officer but merely was arrested and confined by Defendants on specious facts not reasonably relied upon by Defendants.

35. Plaintiff did not attempt to escape, and Defendant Russell and Defendant Davidson were not in fear or apprehension of their safety. Defendant Russell and Defendant Davidson and Defendant City of Greenville unskillfully and unlawfully exercised

custody and control of Plaintiff and with excessive force.

36. **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

## COUNT III

## ASSAULT AND BATTERY

37. Plaintiff hereby re-alleges and incorporates all preceding paragraphs as if fully set out herein.

38. Defendant Russell and Defendant Davidson, while acting under presumed color of authority, assaulted and battered Plaintiff, causing Plaintiff to suffer emotional distress, pain and suffering, and future pain and suffering,

39. As a proximate result of Defendant Russell and Defendant Davidson's assault and battery of Plaintiff, Plaintiff was caused to suffer injuries when Defendants Davidson and Russell while acting under color of authority exited their vehicle and physically charged Plaintiff then throwing him against his front door and subsequently throwing Plaintiff to the ground.

40. Defendants Davidson and Russell, while having Plaintiff secured face down on the concrete walkway, sprayed Plaintiff with pepper spray and or some other offensive chemical which not only contacted Plaintiff but also contacted one of the Defendants causing him to become physically ill.

41. Plaintiff was injured in the attack by Defendant Russell and Defendant Davidson whereupon Plaintiff suffered an abrasion and contusion to his forehead and was

falsely arrested and falsely imprisoned without any medical attention for his injuries.

42. Plaintiff in addition to actual and compensatory damages claims punitive damages due to knowingly, intentional, unlawful, gross misinterpretation of the law y Defendants.

43. **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

## COUNT IV

## MALICIOUS PROSECUTION

44. Plaintiff hereby re-alleges and incorporates all preceding paragraphs as if fully set out herein.

45. On or about August 21, 2006, Defendant Russell and Defendant Davidson and Defendant City of Greenville maliciously and without probable cause issued and or caused to be issued a complaint and or warrant of arrest against Plaintiff in the District Court of Butler County case numbers DC-06-1135 and DC-06-1136.

46. On or about February 28, 2007 the said charges were judicially investigated, the prosecution ended, and the cause was heard at trial by the Court and judgment of not guilty rendered in favor of Plaintiff.

47. As a proximate result of Defendant Russell, Defendant Davidson, and Defendant City of Greenville's malicious prosecution of said cause, Plaintiff was caused to suffer humiliation and embarrassment, damage to reputation, emotional distress, and attorney's fees.

48. Plaintiff claims punitive damages due to the malicious, willful, and intentional acts and or omissions of Defendant Russell, Defendant Davidson, and Defendant City of Greenville's conduct.

49. **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, actual and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

## COUNT V

### UNLAWFUL ARREST

50. Plaintiffs hereby re-allege and incorporate all preceding paragraphs as if fully set out herein.

51. On or about August 21, 2006, Defendant Russell and Defendant Davidson and Defendant City of Greenville did unlawfully detain Plaintiff and, with excessive force, caused Plaintiff to go where he did not wish to go against Plaintiff's Constitutional right secured by the Sixth and Fourteenth Amendments to the Constitution of the United States.

52. Defendants prevented Plaintiff from moving, and placed Plaintiff in a position where he could not exercise his free will, or go any where he might lawfully go.

53. Plaintiff was injured in the unlawful arrest and was further damaged by denial of medical attention for injuries inflicted upon Plaintiff by Defendant Russell and Defendant Davidson.

54. Plaintiff was deprived of life, liberty, or property without due process of law, and the right to equal protection of the law, secured by the Fifth, Sixth, and Fourteenth

Amendment of the Constitution of the United States. Further, Plaintiff was caused to suffer physical injuries, a denial of medical attention, false imprisonment, unlawful arrest, malicious prosecution, an assault and battery, humiliation and embarrassment, damage to reputation, emotional distress, and attorney's fees.

55. **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

## COUNT VI

### NEGLIGENT TRAINING AND SUPERVISION

56. Plaintiff hereby re-alleges and incorporates all preceding paragraphs as if fully set out herein.

57. On or about August 21, 2006, Defendant Russell and Defendant Davidson were under the training and supervision of Defendant Ingram and Defendant City of Greenville.

58. On or about August 21, 2006, Defendant Ingram and Defendant City of Greenville permitted and or failed to prevent the intentional tortuous conduct of Defendant Russell and Defendant Davidson in their acts and or omissions of using excessive force, unlawfully arresting, unlawfully imprisoning Plaintiff thereby depriving Plaintiff of his Constitutional Rights as afforded pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

59. Defendant Ingram and Defendant City of Greenville were under a duty to train and supervise Defendant Russell and Defendant Davidson at all times material to the acts and or omissions made the basis of this Complaint.

60. Defendant Ingram and Defendant City of Greenville breeched their duty to properly and adequately train and supervise Defendant Russell and Defendant Davidson at all times material to the acts and or omissions made the basis of this Complaint.

61. As a direct and or proximate result, Plaintiff was caused to suffer physical injuries, denial of medical attention, false imprisonment, unlawful arrest, malicious prosecution, an assault and battery, humiliation and embarrassment, damage to reputation, emotional distress, and attorney's fees.

62. **WHEREFORE**, Plaintiff demands judgment against of Defendants for compensatory, actual, and punitive damages in an amount which exceeds the minimum jurisdictional limits of this Honorable Court and deemed reasonable by a jury, plus costs of litigation and reasonable attorney's fees.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues and Counts contained herein.

RESPECTFULLY SUBMITTED this the __19__ day of __February__, 2008.

_____
DENNIS GIBSON, Plaintiff

STATE OF ALABAMA    )
                    )ss
COUNTY OF Montgomery )

Before me, Guy Ho Hon, a Notary Public for the State at Large, personally appeared DENNIS GIBSON, who is known to me and who being first duly sworn doth depose and saith that he has read the foregoing VERIFIED COMPLAINT and that the facts therein are true and correct.

SWORN to and SUBSCRIBED before me on this the __19__ day of __February__, 2008.

_____
NOTARY PUBLIC
State at Large
My Commission Expires: 2-7-11

_____
Michael Guy Holton (HOL106)
Co- Counsel for Petitioner
Fuller, Taylor & Holton, PC
5748 Carmichael Parkway, Ste.D
Montgomery, Alabama 36117
(334) 244-0447
gholtonattorney@hughes.net

_____
Jennifer M. Holton (DAV 167)
Co-Counsel for Petitioner
95 Chickasaw Ct.
Wetumpka, AL 36093
(334)514-6003
jholtonattorney@hughes.net

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003978
Cashier ID: cstrecke
Transaction Date: 02/21/2008
Payer Name: MICHAEL G. HOLTON, ATTY
------------------------------------
CIVIL FILING FEE
  For: MICHAEL G. HOLTON, ATTY
  Case/Party: D-ALM-2-08-CV-000127-001
  Amount:         $350.00
------------------------------------
CHECK
  Remitter: MICHAEL G HOLTON
  Check/Money Order Num: 1626
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM208CV000127-W

GIBSON V CITY OF GREENVILLE ET AL
```