UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | | |
|---|---|---|
| DENNIS GIBSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 2:08-cv-127 |
| CITY OF GREENVILLE, *et al.*, | * | |
| Defendants. | * | |

## ANSWER TO COMPLAINT

COME NOW the Defendants in this matter, by and through the undersigned attorney, and for Answer to the Complaint say as follows:

1. These Defendants admit paragraph 1 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

2. These Defendants admit paragraph 2 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

3. These Defendants admit paragraph 3 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

4. These Defendants admit paragraph 4 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

5. These Defendants admit paragraph 5 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

6. These Defendants admit paragraph 6 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

7. These Defendants admit paragraph 7 for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

8. These Defendants admit paragraph for the purpose of alleging that jurisdiction and venue are proper. However, these Defendants deny that the actions alleged in the Complaint took place as stated therein.

9. These Defendants deny all material allegations of Paragraph 9 of the Complaint and demand strict proof thereof.

10. These Defendants deny all material allegations of Paragraph 10 of the Complaint and demand strict proof thereof.

11. These Defendants deny all material allegations of Paragraph 11 of the Complaint and demand strict proof thereof.

12. These Defendants deny all material allegations of Paragraph 12 of the Complaint and demand strict proof thereof.

13. These Defendants deny all material allegations of Paragraph 13 of the Complaint and demand strict proof thereof.

14. These Defendants deny all material allegations of Paragraph 14 of the Complaint and demand strict proof thereof.

15. These Defendants deny all material allegations of Paragraph 15 of the Complaint and demand strict proof thereof.

16. These Defendants deny all material allegations of Paragraph 16 of the Complaint and demand strict proof thereof.

17. These Defendants deny all material allegations of Paragraph 17 of the Complaint and demand strict proof thereof.

18. These Defendants deny all material allegations of Paragraph 18 of the Complaint and demand strict proof thereof.

19. These Defendants deny all material allegations of Paragraph 19 of the Complaint and demand strict proof thereof.

20. These Defendants deny all material allegations of Paragraph 20 of the Complaint and demand strict proof thereof.

21. These Defendants deny all material allegations of Paragraph 21 of the Complaint and demand strict proof thereof.

22. These Defendants deny all material allegations of Paragraph 22 of the Complaint and demand strict proof thereof.

23. These Defendants deny all material allegations of Paragraph 23 of the Complaint and demand strict proof thereof.

24. These Defendants deny all material allegations of Paragraph 24 of the Complaint and demand strict proof thereof.

25. These Defendants deny all material allegations of Count I of the Complaint and demand strict proof thereof.

26. These Defendants deny all material allegations of Count II of the Complaint and demand strict proof thereof.

27. These Defendants deny all material allegations of Count III of the Complaint and demand strict proof thereof.

28. These Defendants deny all material allegations of Count IV of the Complaint and demand strict proof thereof.

29. These Defendants deny all material allegations of Count V of the Complaint and demand strict proof thereof.

30. These Defendants deny all material allegations of Count VI of the Complaint and demand strict proof thereof.

32. These Defendants affirmatively aver that all actions by these Defendants were reasonable in relation to the Plaintiff.

33. These Defendants affirmatively aver that no constitutional violation has occurred toward the Plaintiff by these Defendants.

34. These Defendants affirmatively aver immunity against the allegations in this case.

35. These Defendants affirmatively aver failure to satisfy a condition precedent to the maintenance of the lawsuit against these Defendants.

36. These Defendants affirmatively aver that one or more of the claims in this case fail to state a viable claim upon which relief can be granted against these Defendants.

37. These Defendants affirmatively aver lack of malice as a matter of law.

38. These Defendants affirmatively aver good faith and fair dealing in regard to the Plaintiff in this case.

39. These Defendants affirmatively aver that all or a part of the claims in this case are subject to statutory maximums on damages and these Defendants hereby plead the entirety of all such statutes as if set forth in full herein.

40. These Defendants plead the general issue.

41. These Defendants affirmatively aver that a policy or custom of the City of Greenville, Alabama was not the proximate cause of Plaintiff's alleged Constitutional deprivations.

42. These Defendants affirmatively aver that their actions were based on probable cause.


/s/ April W. McKay
ALEX L. HOLTSFORD, JR. (HOL048)
APRIL W. MCKAY (WIL304)
Counsel for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
   Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served either through the Court's e-filing system or by placing a copy of same in the United States Mail, postage prepaid and properly addressed to:

Michael Guy Holton
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117

on this the 14th day of March, 2008.


/s/ April W. McKay
OF COUNSEL